**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CAROLYN JOHNSON | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-5231 |
| | : | |
| HOUSEHOLD OPEB I, INC. | : | |
| | : | |
| v. | : | |
| | : | |
| INTERSTATE MANAGEMENT CO., LLC | : | |

## ORDER

AND NOW, this 11th day of May, 2007, upon consideration of Defendant Household
OPEB I's Motion for Summary Judgment (Doc. No. 17), and the responses thereto (Doc. Nos. 28,
32, and 34), and Defendant Interstate Management's Motion for Summary Judgment (Doc. No.
16), and the responses thereto (Doc. Nos. 23, 29, 30, and 33) it is hereby ORDERED that the
Motions are **DENIED without prejudice**, as follows:

1.      Plaintiff Carolyn Johnson allegedly sustained injuries in a fall on or near a
handicap ramp leading to the entrance of the Sheraton Hotel in Langhorne, Pennsylvania.  She
filed a negligence suit in state court against Sheraton Bucks County Hotel Langhorne, the entity
she believed owned the hotel. While in state court, she amended the caption of her complaint to
name as defendant Household International Trading As Sheraton Bucks County Hotel
Langhorne.  Household International impleaded Interstate Management, which had contracted
with Household OPEB I to manage the hotel.  Interstate removed to federal court pursuant to 28
U.S.C. § 1446, and the parties jointly requested a caption change to designate Household OPEB

1

I, not Household International, as the proper defendant.

2.      I may grant a motion for summary judgment only "if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party must initially show the absence of any genuine issues of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317 (1986).  I "must view the facts in the light most favorable to the non-moving party," and take every reasonable inference in that party's favor.  Hugh v. Butler County Family YMCA, 418 F.3d 265 (3d Cir. 2005).  For the reasons stated below, multiple issues of material fact preclude summary judgment here.


**Household OPEB I's Motion for Summary Judgment**

3.      Defendant Household argues that (1) Plaintiff's claims are time-barred because she sued the wrong entity; (2) Defendant Interstate Management is solely liable as an independent contractor and day-to-day manager of the premises where Plaintiff was injured; and (3) Plaintiff cannot establish causation because she cannot identify the cause of her fall.  *Def. Household's Mot. for S.J. at 4, 6, 7.*

4.      Plaintiff sued Sheraton Bucks County Hotel Langhorne one month before the statute of limitations expired.  Two months after the statute had run, Plaintiff amended the caption of her complaint to name a Household entity trading as Sheraton Bucks County Hotel Langhorne.  Household now argues that under Pennsylvania law, Plaintiff's action is time-barred because she initially sued the wrong party and amended her complaint only after the statute of

limitations had expired.  See Jacob's Air Conditioning and Heating v. Associated Heating and Air Conditioning, 531 A.2d 494, 496 (Pa. 1987) (after the statute of limitations has run, an amendment that simply corrects the name of a party is permitted, but one that adds an entirely new party is not).  Plaintiff contends that she sued the right party under the wrong name, and that her mistake is excusable because Household was trading under a fictitious corporate name that it had failed to register in Pennsylvania.

     5.     Because substitution of parties is procedural, not substantive, I would ordinarily apply the Federal Rules of Civil Procedure.  See, e.g. Darmanchev v. Roytshteyn, 234 F.R.D. 78 (E.D.Pa. 2005) (applying Fed. R. Civ. P. 15(c) in a diversity case).  It appears, however, that Plaintiff originally amended the caption in state court.  It further appears that Household did not challenge the amendment there, despite having five months to do so before Interstate removed the case.   The parties have not adequately explained the procedural record, including whether Household's apparent failure to challenge the amendment waived any statute of limitations defense.  See, e.g. Dilliplaine v. Lehigh Valley Trust Co., 322 A.2d 114 (Pa. 1974) (failure to raise an issue at the earliest opportunity constitutes a waiver). They have not addressed whether I should apply federal or Pennsylvania procedural law.  Finally, they dispute whether Household conducted business under the name Sheraton Bucks County Hotel Langhorne.  In light of these uncertainties, I will **DENY without prejudice** Household's contention that Plaintiff's claim is purportedly time-barred.  All parties have now consented to proceed with this matter before Magistrate Judge Timothy Rice.  See 28 U.S.C. § 636(c).  My denial of summary judgment does

not preclude Household from raising its statute of limitations defense during or after trial before Judge Rice.

6.      Household retained Interstate as property manager for the Sheraton Hotel where Plaintiff was injured.  *Def. Household's Mot. for S.J. at 6, exhibit G.*  Household argues that under Pennsylvania's "owner out of possession" doctrine, Interstate, as an independent contractor in possession of the premises, is solely liable to Plaintiff.  See General Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 303 at n. 1 (3d Cir. 2003) (a federal court sitting in diversity applies substantive state law).  Household is an owner out of possession if it delivered temporary possession of the premises to Interstate and did not control the premises or Interstate's management of them.  See Mentzer v. Ognibene, 597 A.2d 604, 610 (Pa. Super. 1991) (owner who has ceded control over and possession of work premises to independent contractor is not vicariously liable for independent contractor's negligence).  If Household retained significant control, however, it may be liable to Plaintiff either directly or vicariously.  See Hader v. Coplay Cement Mfg. Co., 189 A.2d 271, 277 (Pa. 1963).  The parties vigorously dispute the amount of discretion exercised by Interstate and the degree of oversight by Household.  In these circumstances, I cannot determine at the summary judgment stage whether Household was an owner out of possession.  Accordingly, I **DENY without prejudice** Household's contention that Interstate is solely liable to Plaintiff.  Once again, Household may again raise this defense during or after trial before Judge Rice.

7.      Finally, Household argues that Plaintiff cannot establish causation because she

admitted in her deposition that she does not know why she fell. *Def. Household's Mot. for S.J. at 7, exhibit D at 40-41*. See Watkins v. Sharon Aerie No. 327 Fraternal Order of Eagles, 223 A.2d 742, 745 (Pa. 1966) (plaintiff who could not establish why she fell failed to prove proximate cause). Plaintiff asserts that one of her witnesses can identify the cause of Plaintiff's fall, however. *Pl. Response at 8, exhibit 6*. Because the parties dispute the material facts surrounding Plaintiff's fall, including cause, location, and sequence of events, I cannot grant summary judgment. Accordingly, I **DENY without prejudice** Household's contention that Plaintiff cannot establish causation. Household may raise its causation defense again at and after trial.

### Interstate Management Co.'s Motion for Summary Judgment

8.      Defendant Interstate Management argues that (1) because Interstate was impleaded after the statute of limitations had run, it is liable to Plaintiff, if at all, solely through Household; and (2) Plaintiff cannot establish causation because she cannot identify the cause of her fall. *Def. Interstate's Mot. for S.J. at 1, 9*. Interstate cites no law to support its proposition that it can be liable to Plaintiff only vicariously. In any event, this argument requires me first to find that Plaintiff's claims are time-barred, which, as I have explained, I cannot yet determine. Accordingly, like Household's motion, Interstate's motion for summary judgment on this ground is **DENIED without prejudice**.

9.      Interstate's causation argument is identical to Household's and is **DENIED without prejudice** for the same reasons.

AND IT IS SO ORDERED.

**/s Paul S. Diamond, J.**

_____

**Paul S. Diamond, J.**